IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MESQUESTA DEWAYNE SMITH,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:17-CV-1909-L-BN** |
| § | |
| **DIRECTOR, TDCJ-CID,** § | |
| § | |
| Respondent. § | |

# ORDER

On September 23, 2020, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 24) was entered in this case, recommending that this habeas action under 28 U.S.C. § 2254 be dismissed with prejudice. To the extent exhausted, the magistrate judge concluded that Petitioner's ineffective assistance of counsel claims failed to satisfy the applicable legal standard for such claims. The magistrate judge also concluded that Petitioner's remaining claims were procedurally barred.

Respondent agrees with the magistrate judge's recommended disposition of Petitioner's claims but raises two objections for purposes of appeal. Respondent first asserts that he agrees that Petitioner's ineffective assistance of trial counsel claims are without merit but objects to the extent that the magistrate judge did not also determine that Petitioner's third claim, based on counsel's alleged failure to investigate, was waived. In addition, Respondent agrees that Petitioner's remaining claims are procedurally barred but objects to the extent that the magistrate judge indicated that this issue was raised *sua sponte*. Respondent contends that he argued in his answer that Petitioner's second and fourth claims are procedurally defaulted. Petitioner did not respond to these objections or file his own objections to the Report.

**Order – Page 1**

The court appreciates Respondent's decision to object for purposes of appeal. Resolution of Respondent's waiver argument, however, is not necessary to resolve Petitioner's failure-to-investigate claim because the magistrate judge correctly determined that it failed for other reasons. Similarly, it does not matter whether the magistrate judge *sua sponte* determined that Petitioner's remaining claims are procedurally barred, as Petitioner had ample opportunity to respond and object before the court ruled. As explained by the magistrate judge, nothing more is required.[1] Like Respondent, the magistrate judge appears to have noted, out of an abundance of caution, the appropriateness of raising such an issue *sua sponte* in the event the court determined that the matter was not sufficiently raised by Respondent. As the magistrate judge correctly determined that these claims are procedurally barred, and Petitioner was given an opportunity to respond and object, it is not necessary for the court to decide whether, as Respondent contends, that his response and answer were sufficient to raise the issue because, either way, dismissal of these claims as procedurally barred is appropriate. The court, therefore, **overrules as moot** Respondent's objections, which are preserved for appellate purposes.

Having considered Petitioner's habeas corpus petition (Doc. 3), the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct,

---

[1] The magistrate judge explained as follows:

> Although procedural default is discussed in the State's response, to the extent that the undersigned recommends that the Court "raise procedural default sua sponte," "a federal district court may [do so], in the exercise of its judicial discretion." *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998). And the time in which to file objections to these findings, conclusions, and recommendation affords Smith an opportunity to respond.

Report 15-16.

**Order – Page 2**

and **accepts** them as those of the court.  Accordingly, the court **denies** Petitioner's habeas corpus petition (Doc. 3), and **dismisses with prejudice** this habeas action and all claims asserted by him.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's Report filed in this case.  In the event a notice of appeal if filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 29th day of October, 2020.

                                                          Sam A. Lindsay
                                                          United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.